UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HORTENSE CANTY,

    Plaintiff,

vs

MAGNA COSMA BODY ASSEMBLY
MICHIGAN, a division of
MAGNA INTERNATIONAL OF
AMERICA, INC.

    Defendant.

_____/

## COMPLAINT

Plaintiff, HORTENSE CANTY, by and through her attorney, TERESA J. GORMAN, PLLC, for her Complaint states:

### JURISDICTION AND PARTIES

1. This suit is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 USC §2000e et seq., and the Elliott-Larsen Civil Rights Act, MCLA 37.2101 et seq., MSA 3.548 (101) et seq.

2. This court has jurisdiction pursuant to 28 USC §1331 and 28 U.S.C. §1367(a).

3. Plaintiff is a citizen of the United States and a resident of the City of Redford, Wayne County, Michigan.

4. Defendant is a foreign corporation which, during relevant times, was doing business in the City of New Hudson, Oakland County, Michigan

5. Plaintiff was Defendant's employee within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 USC §2000e et seq., and the Elliott-Larsen Civil Rights Act, MCLA 37.2101 et seq., MSA 3.548 (101) et seq.

6. Defendant meets all of the requirements for employer status under Title VII of the Civil Rights Act of 1964, as amended, 42 USC §2000e et seq., and the Elliott-Larsen Civil Rights Act, MCLA 37.2101 et seq., MSA 3.548 (101) et seq.

7. The events giving rise to this cause of action occurred in New Hudson, Michigan, in the Eastern District of Michigan. Accordingly, venue lies in the United States District Court for the Eastern District of Michigan under 28 USC §1391(b).

8. The amount in controversy exceeds $75,000.00, exclusive of interest, costs, and attorney fees.

## GENERAL ALLEGATIONS

9. Plaintiff incorporates by reference paragraphs 1-8.

10. Plaintiff is an African American female.

11. In or around May or June 2017, Plaintiff applied for employment with Defendant.

12. During the interview process with Defendant's then-HR manager, Shelly Thompson, Plaintiff provided Ms. Thompson with details of her past felony conviction.

13. The felony conviction did not deter Defendant from hiring Plaintiff.

14. Defendant employs numerous employees with felonies in their background.

15. In June 2017, Plaintiff commenced employment with Defendant as a temporary employee when Defendant opened its New Hudson, Michigan location.

16. In October, 2017, Defendant hired Plaintiff as a regular employee, a Production Associate.

17. In November 2017, Defendant offered Plaintiff the newly created position of Employee Advocate.

18. Plaintiff accepted the offer and started the new position of Employee Advocate in January 2018.

19. Plaintiff was the only female and the only African American Employee Advocate employed by Defendant.

20. As the Employee Advocate, Plaintiff received complaints from employees regarding various issues, including, but not limited to, discriminatory practices in Defendant's work place.

21. In or around January 2018, Plaintiff reported to Ray Schoonover, Defendant's new HR Manager (having replaced Shelly Thompson) that numerous employees were complaining about race discrimination in the workplace as to Defendant's hiring practices, administering of discipline, and failure to follow its own handbook policies.

22. In February 2018, Andrew Barrow, the Manager of Defendant's Employee Advocate Program, who had trained Plaintiff in January 2018, informed Plaintiff that all Employee Advocates were required to attend a 3-day training program in Canada.

23. Plaintiff immediately informed Mr. Barrow that Defendant would need to request permission from Canada to allow her to enter the country for the training because she was a convicted felon.

24. On March 1, 2018, Mr. Barrow transmitted correspondence to the Canada Border Services Agency requesting permission for Plaintiff to enter Canada to attend the training.

25. The next day, on March 2, 2018, Ray Schoonover, the HR Manager to whom she had complained about race discrimination just weeks before, terminated Plaintiff's employment, stating "You have felonies" and "the Company wants to part ways."

26. Plaintiff requested that she be allowed to return to a Production Associate position.

27. Despite the fact that Defendant employs many convicted felons as Production Associates, Defendant denied Plaintiff's request that she be allowed to return to a Production Associate position.

28. Defendant terminated Plaintiff's employment for pretextual reasons.

## COUNT I
## RACE DISCRIMINATION
## IN VIOLATION OF TITLE VII

29. Plaintiff repeats and realleges paragraphs 1-28.

30. Plaintiff's race was a factor that made a difference in Defendant's decision to subject her to the wrongful and discriminatory treatment described above.

31. Defendant, by its agents, representatives, and employees, were predisposed to discriminate on the basis of sex and acted in accordance with that predisposition.

32. Defendant, through their agents, representatives, and employees, treated Plaintiff differently from similarly situated African American employees in the terms and conditions of employment, based on unlawful consideration of race.

33. Defendant's actions were intentional, with reckless indifference to Plaintiff's rights and sensibilities.

34. If Plaintiff had been a race other than African American, she would not have been treated in the manner described.

34. As a direct and proximate result of Defendant's wrongful acts and omissions, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits and has suffered mental anguish, physical and emotional distress, humiliation and embarrassment.

## COUNT II
## RETALIATION
## IN VIOLATION OF TITLE VII

35. Plaintiff repeats and realleges paragraphs 1-34

36. Defendant retaliated against Plaintiff for having complained about Defendant's discriminatory employment practices described above, in violation of Title VII, by but not limited to,

   a. limiting, segregating, or classifying Plaintiff in a way which deprived or tended to deprive Plaintiff of an employment opportunity or otherwise adversely affecting the status of Plaintiff; and

   b. discharging or otherwise discriminating against Plaintiff with respect to her employment, compensation, or a term, condition or privilege of employment.

37. Defendant's actions were intentional, with reckless indifference to Plaintiff's rights and sensibilities.

38. As a direct and proximate result of Defendant's wrongful acts and omissions, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits and has suffered mental anguish, physical and emotional distress, humiliation and embarrassment.

## COUNT III
## SEX DISCRIMINATION
## IN VIOLATION OF THE ELLIOTT-LARSEN CIVIL RIGHTS ACT

39. Plaintiff repeats and realleges paragraphs 1-38.

40. During Plaintiffs employment at Defendant, Defendant, through its employees, agents, and representatives, intentionally discriminated against Plaintiff in the terms and conditions of employment based on unlawful consideration of sex.

41. During Plaintiff's employment at Defendant, Defendant, through its employees, agents, representatives, treated Plaintiff differently from similarly situated male employees in the terms and conditions of employment.

42. Plaintiff was subjected to sex discrimination by Defendant, by and through its agents, servants, employees and customers, said acts being made unlawful by the ELCRA.

43. Defendants, by and through its agents, servants, and employees, violated the ELCRA by the following acts:

    a. failing to provide a work environment free from sex discrimination;.

  b. limiting, segregating, or classifying Plaintiff in a way which deprived or tended to deprive Plaintiff of an employment opportunity or otherwise adversely affecting the status of Plaintiff because she complained and and

  c. discharging or otherwise discriminating against Plaintiff with respect to her employment, compensation, or a term, condition or privilege of employment, because of, in part, her sex.

44. Defendant, by and through its agents, representatives, and employees, was predisposed to discriminate on the basis of sex and acted in accordance with that predisposition.

45. Defendant's actions were intentional, with reckless indifference to Plaintiff's rights and sensibilities.

46. If Plaintiff had been male, she would not have been treated in the manner described.

47. As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits and has suffered mental anguish, physical and emotional distress, humiliation and embarrassment.

## COUNT IV
## RACE DISCRIMINATION
## IN VIOLATION OF THE ELLIOTT-LARSEN CIVIL RIGHTS ACT

48. Plaintiff repeats and realleges paragraphs 1-47.

49. During Plaintiffs employment at Defendant, Defendant, through its employees, agents, and representatives, intentionally discriminated against Plaintiff in the terms and conditions of employment based on unlawful consideration of race.

50. During Plaintiff's employment at Defendant, Defendant, through its employees, agents, representatives, treated Plaintiff differently from similarly situated African American employees who are not African American.

51. Plaintiff was subjected to race discrimination by Defendant, by and through its agents, servants, employees and customers, said acts being made unlawful by the ELCRA.

52. Defendants, by and through their agents, servants, and employees, violated the ELCRA by the following acts:

    a. failing to provide a work environment free from race discrimination;.

    b. limiting, segregating, or classifying Plaintiff in a way which deprived or tended to deprive Plaintiff of an employment opportunity or otherwise adversely affecting the status of Plaintiff because of her race; and

    c. discharging or otherwise discriminating against Plaintiff with respect to her employment, compensation, or a term, condition or privilege of employment, because of, in part, her race.

53. Defendant, by and through its agents, representatives, and employees, was predisposed to discriminate on the basis of race and acted in accordance with that predisposition.

54. Defendant's actions were intentional, with reckless indifference to Plaintiff's rights and sensibilities.

55. If Plaintiff had been a race other than African American, she would not have been treated in the manner described.

56. As a direct and proximate result of Defendant's wrongful acts and omissions, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits and has suffered mental anguish, physical and emotional distress, humiliation and embarrassment.

## COUNT V
## RETALIATION
## IN VIOLATION OF THE ELLIOTT-LARSEN CIVIL RIGHTS ACT

57. Plaintiff repeats and realleges paragraphs 1-56.

58. Defendant retaliated against Plaintiff for having complained about Defendant's discriminatory employment practices described above, in violation of the Elliott-Larsen Civil Rights Act, by, but not limited to,

    a. limiting, segregating, or classifying Plaintiff in a way which deprived or tended to deprive Plaintiff of an employment opportunity or otherwise adversely affecting the status of Plaintiff; and

    b. discharging or otherwise discriminating against Plaintiff with respect to her employment, compensation, or a term, condition or privilege of employment.

59. Defendant's actions were intentional, with reckless indifference to Plaintiff's rights and sensibilities.

60. As a direct and proximate result of Defendant's wrongful acts and omissions, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits and has suffered mental anguish, physical and emotional distress, humiliation and embarrassment.

WHEREFORE, Plaintiff HORTENSE CANTY prays that this Honorable Court grant the following remedies:

A. Declare that the aforementioned practices and actions of Defendant constitute unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 USC §2000e et seq., and the Elliott-Larsen Civil Rights Act, MCLA 37.2101 et seq., MSA 3.548 (101) et seq.

B. Award Plaintiff all lost wages and the value of fringe benefits, past and future, to which she is entitled;

C. Award Plaintiff compensatory damages;

D. Award Plaintiff reasonable attorney's fees, costs, and interest; and

E. Award Plaintiff such other relief as this Court deems just and proper.

                                                  s/Teresa J. Gorman  
                                                  Teresa J. Gorman (P61001)  
                                                  Teresa J. Gorman PLLC  
                                                  Attorneys for Plaintiff  
                                                  5700 Crooks Road, Suite 200  
                                                  Troy, MI 48098  
                                                  Tel: (248) 763-6943  
                                                  Fax: (248) 689-3268  
                                                  terigorman@aol.com

## JURY DEMAND

Plaintiff demands a jury trial.

> s/Teresa J. Gorman
> Teresa J. Gorman (P61001)
> Teresa J. Gorman PLLC
> Attorneys for Plaintiff
> 5700 Crooks Road, Suite 200
> Troy, MI 48098
> Tel: (248) 763-6943
> Fax: (248) 689-3268
> terigorman@aol.com